THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| *In re Progressive Leasing Breach Litigation* | **MEMORANDUM DECISION AND ORDER GRANTING [32] DEFENDANT'S JOINT AND UNOPPOSED MOTION TO CONSOLIDATE RELATED ACTION** |
| RAYMOND DREGER, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 2:23-cv-00783-DBB-CMR |
| v. | District Judge David Barlow |
| PROGRESSIVE LEASING LLC, | |
| Defendant. | |

Before the court is Defendant Progressive Leasing, LLC's ("Progressive") unopposed motion to consolidate an additional case.[1] For the following reasons, the court grants the motion.

BACKGROUND

On January 10, 2024, the court granted a joint motion to consolidate this case with ten other related cases.[2] As more fully explained in that decision, the consolidated cases each allege that Progressive collected personally identifiable information ("PII"), that a data breach occurred on September 11, 2023, and that such breach was the result of Progressive's negligence.[3]

On November 11, 2023, Plaintiff Dawn Davis filed suit in the U.S. District Court for the Central District of California alleging that Progressive violated the California Consumer Privacy

---

[1] Def.'s Joint and Unopposed Mot. to Consolidate Additional Related Action ("Def.'s Mot."), ECF No. 32.
[2] Mem. Decision and Order Granting [19] Pls.' Joint Mot. to Consolidate Related Actions ("Consolidation Order"), ECF No. 22.
[3] *Id.* at 2–3.

1

Act due to the data breach.[4] The Central District of California transferred this case to this court pursuant to 28 U.S.C. § 1404(a), given that "[a] transfer to the District of Utah, where the case can be added to the consolidated action, would allow the parties to conserve time and streamline the litigation."[5]

Now, Progressive seeks to consolidate Ms. Davis's case with the other consolidated cases.[6] The motion is unopposed.

## STANDARD

Under Rule 42 of the Federal Rules of Civil Procedure, the court may consolidate actions "involv[ing] a common question of law or fact[.]"[7] The court's decision whether to do so "is discretionary and will not be reversed on appeal absent clear error or exigent circumstances[.]"[8] Initially, the court should decide if the actions involve a common question. If a common question of law or fact exists, "the court should [then] weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause."[9] The movant has the burden to show that consolidation is proper.[10] Local rules further prescribe that a party may seek to consolidate cases if the party believes that the matters: "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties

---

[4] *See* Class Action Compl. ¶¶ 13–33, 53–61, ECF No. 32-1.
[5] Order (1) GRANTING Defendant's Motion to Transfer (Dkt. No. 16); (2) TRANSFERRING the Action to the District of Utah; and (3) VACATING the March 11, 2024 Hearing (IN CHAMBERS), ECF No. 32-2.
[6] Def.'s Mot.
[7] Fed. R. Civ. P. 42(a).
[8] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).
[9] *Cheney v. Judd*, 429 F. Supp. 3d 931, 936 (D.N.M. 2019) (citation omitted); *see French v. Am. Airlines*, No. 2:08-cv-00638, 2009 WL 1578288, at *2 (D. Utah June 2, 2009) ("Consolidation may be inappropriate where 'the two actions are at such widely separate stages of preparation [that] consolidation of [the] cases would cause further delay and could prejudice the parties.'" (alterations in original) (citation omitted)).
[10] *See Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (citing 5 James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 42.04[1], p. 42–6 (1994)).

Act due to the data breach.[4] The Central District of California transferred this case to this court pursuant to 28 U.S.C. § 1404(a), given that "[a] transfer to the District of Utah, where the case can be added to the consolidated action, would allow the parties to conserve time and streamline the litigation."[5]

Now, Progressive seeks to consolidate Ms. Davis's case with the other consolidated cases.[6] The motion is unopposed.

## STANDARD

Under Rule 42 of the Federal Rules of Civil Procedure, the court may consolidate actions "involv[ing] a common question of law or fact[.]"[7] The court's decision whether to do so "is discretionary and will not be reversed on appeal absent clear error or exigent circumstances[.]"[8] Initially, the court should decide if the actions involve a common question. If a common question of law or fact exists, "the court should [then] weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause."[9] The movant has the burden to show that consolidation is proper.[10] Local rules further prescribe that a party may seek to consolidate cases if the party believes that the matters: "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties

---

[4] *See* Class Action Compl. ¶¶ 13–33, 53–61, ECF No. 32-1.
[5] Order (1) GRANTING Defendant's Motion to Transfer (Dkt. No. 16); (2) TRANSFERRING the Action to the District of Utah; and (3) VACATING the March 11, 2024 Hearing (IN CHAMBERS), ECF No. 32-2.
[6] Def.'s Mot.
[7] Fed. R. Civ. P. 42(a).
[8] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).
[9] *Cheney v. Judd*, 429 F. Supp. 3d 931, 936 (D.N.M. 2019) (citation omitted); *see French v. Am. Airlines*, No. 2:08-cv-00638, 2009 WL 1578288, at *2 (D. Utah June 2, 2009) ("Consolidation may be inappropriate where 'the two actions are at such widely separate stages of preparation [that] consolidation of [the] cases would cause further delay and could prejudice the parties.'" (alterations in original) (citation omitted)).
[10] *See Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (citing 5 James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 42.04[1], p. 42–6 (1994)).

or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) . . . would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges."[11] Importantly, "'[c]onsolidation does not merge separate suits into one cause of action'" and instead "is merely an administrative device used for convenience to 'accomplish[] those considerations of judicial economy and fairness.'"[12]

## DISCUSSION

Ms. Davis's case plainly presents a common question of fact, since it arises from the same data breach that is the subject of the other consolidated cases. Thus, the first and second factors prescribed by local rules weigh in favor of consolidation. Regarding the fourth factor, while the other consolidated cases involve common law claims,[13] Ms. Davis's involves a statutory claim under California law. However, some elements of Ms. Davis's claim and the common law claims asserted in the consolidated cases appear to be the same. Namely, Ms. Davis must prove Progressive's "violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information."[14] This would involve similar questions to the duty and breach analysis under a negligence claim.[15] Likewise, the fifth factor suggests consolidation would be appropriate, given that consolidation would simplify pretrial matters and would prevent the possibility of inconsistent rulings on the same facts. The third factor is inapposite. Finally, the court does not find any risk of delay, prejudice, or

---

[11] DUCivR 42-1(a).
[12] *Liming Wu v. Bernhardt*, 820 Fed.Appx. 669, 672 (10th Cir. 2020) (quoting *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)) (second alteration in original).
[13] Consolidation Order 3 n.12 (describing the claims).
[14] Cal. Civil Code § 1798.150(a)(1).
[15] *See, e.g.*, *Gonzalez v. Russell Sorensen Const.*, 2012 UT App 154, ¶ 20, 279 P.3d 422.

confusion in consolidating Ms. Davis's case with the others, especially since transfer of her case to this District was largely made to allow for consolidation and since no counsel object to the consolidation.[16]

Accordingly, because the court finds that Ms. Davis's case involves a common question of fact, will involve substantially similar questions of law, and is otherwise in the interest of judicial efficiency and convenience, the court finds that consolidation is proper.

## ORDER

Accordingly, the court HEREBY GRANTS Defendant's Joint and Unopposed Motion to Consolidate Additional Related Action and ORDERS the following:

1. Pursuant to Federal Rule of Civil Procedure 42, the court hereby consolidates Case No. 2:24-cv-00134, styled *Davis v. Prog Leasing LLC*, with Case No. 2:23-cv-00783, styled *In re Progressive Leasing Breach Litigation*.

2. No further filings shall be made Case No. 2:24-cv-00134. The clerk of court shall administratively close this case. All pleadings therein maintain their legal relevance.

3. All papers previously filed and served to date in Case No. 2:24-cv-00134 are deemed part of the record in the Consolidated Action.

---

[16] *See* Def.'s Mot. 3–4 (Defendant has conferred with counsel for Ms. Davis, who confirmed that she joins this motion, and agrees that her claims should be added to this Consolidated Action. Further, on or about March 12, 2024, Defendant confirmed that the following plaintiffs in the Consolidated Action do not oppose this motion: Plaintiffs Dreger, Whitmore, Maddox, Pierce, Williams/Diaz/Robinson, Hawes, Boyd, and Bell."); *id.* at 4 n.1 (As of the date of this filing, counsel for Plaintiffs Alexander and Guzman had not yet responded to Defendants' inquiry as to their position on this motion.").

Signed March 29, 2024.

                                    BY THE COURT

                                    _____
                                    David Barlow
                                    United States District Judge